UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE A. FRANCO-POU,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:12-cv-1334 (SRU)

### RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On October 13, 2004, Jose A. Franco-Pou[1] pleaded guilty to Count One of a federal indictment charging him with conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. At sentencing on March 3, 2005, I determined that the applicable sentencing range was 168 to 210 months of imprisonment, and I sentenced Franco-Pou to 174 months of imprisonment followed by five years of supervised release. Judgment entered on March 7, 2005. Franco-Pou subsequently filed and then withdrew a notice of appeal, and on June 17, 2005, the Second Circuit Court of Appeals issued a Mandate acknowledging dismissal of the appeal. Almost six and a half years later, on November 21, 2011, Franco-Pou filed a letter motion requesting the sentencing transcripts and plea agreements of his co-defendants so that he could prepare a petition pursuant to 28 U.S.C. § 2255 and describing his claims under that statute. Because a petition under section 2255 would have been untimely, I denied that motion without prejudice, allowing Franco-Pou to resubmit within thirty days upon a showing of good cause to toll the statute of limitations. *Franco-Pou v. United States*, 3:11-cv-1859 (SRU) (D. Conn. Jan. 30, 2012). Franco-Pou did not resubmit within thirty days, but some seven months later, on

---

[1] In his criminal case, Franco-Pou was identified as Jose Antonio Franco, but he has used the name Jose A. Franco-Pou in subsequent filings.

September 17, 2012, he filed a petition under section 2255 (doc. # 1) elaborating on the claims that he had described in his earlier motion (and without giving good cause for tolling the statute of limitations). I transferred the petition to the Court of Appeals as a second or successive petition within the meaning of 28 U.S.C. § 2244 (doc. # 2), and because the first motion was not styled as a section 2255 petition, the Court of Appeals issued a Mandate returning the matter for consideration as an initial petition (doc. # 4).

As I indicated in my denial of the initial motion, a section 2255 petition in this case is untimely, and that is true whether considering only the present petition or construing the initial motion as such a petition. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "had among its goals [the prevention of] undue delays in federal habeas review," *Wims v. United States*, 225 F.3d 186, 189 (2d Cir. 2000) (quotation omitted), and to that effect it imposed a one-year limitations period for section 2255 petitions. *See* 28 U.S.C. § 2255(f). That period is far exceeded in this case: after Franco-Pou withdrew his appeal and the Second Circuit issued its Mandate, approximately six and a half years passed before he filed his initial motion, and more than seven years passed before he filed the present petition. Though Franco-Pou does not address the delay within his petition, he argues in his reply to the government's opposition that the statute of limitations should be equitably tolled. He offers various grounds for tolling, or for allowing the petition notwithstanding untimeliness, including his inability to understand and write in English, the retroactive application of several Supreme Court cases relating to habeas petitions, allegedly newly discovered evidence, actual innocence, and the avoidance of manifest injustice. I do not find merit in any of those arguments.

"Equitable tolling applies only in the rare and exceptional circumstance. In order to equitably toll the one-year period of limitations, [the petitioner] must show that extraordinary

circumstances prevented him from filing his petition on time. In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (quotations and citations omitted). Franco-Pou has not shown "rare and exceptional circumstances," let alone that such extraordinary circumstances prevented him from filing his petition—which is to say, that such circumstances *caused* the very long delay between the judgment of his conviction and his filing a habeas petition. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."). Nor has he shown "reasonable diligence" throughout the period of delay.

      A lack of English proficiency, though it surely presents formidable challenges, has not been held sufficient by itself to justify tolling. *See, e.g.*, *Mendez v. Artuz*, No. 99 CIV. 2472 (DLC), 2000 WL 991336, at *2 (S.D.N.Y. July 19, 2000) ("[Petitioner]'s statement that he is not proficient in the English language is insufficient to warrant equitable tolling. Such a limitation, under which numerous *pro se* inmate petitioners suffer, does not amount to 'extraordinary circumstances' and accordingly, courts have repeatedly rejected such an argument."); *Martinez v. Kuhlmann*, No. 99 CIV. 1094 (MBM), 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) ("[T]o permit equitable tolling in all cases involving [difficulty with the English language and insufficiency of legal assistance] would frustrate the statute's objectives, because many inmates could make the same claims."). The Second Circuit has allowed that the inability to read English "can, in some circumstances, justify equitable tolling," *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir.

2008), but the Court cautioned that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." *Id.* The Court affirmed the rejection of tolling in that case, observing that the petitioners had not shown "efforts to contact anyone outside the prison who might assist in making them aware, in their language, of legal requirements for filing a habeas corpus petition, nor what efforts were made to learn of such requirements within their places of confinement." *Id.* The period of delay in the present case far exceeds the statute of limitations—and is far greater than the delay in *Diaz v. Kelly*[2]—and Franco-Pou has not shown that he "acted with reasonable diligence" throughout that period.

Franco-Pou's other arguments for tolling also fail. He argues that the statute of limitations should be tolled as a result of several Supreme Court cases (or that he should otherwise benefit from their retroactive application)—specifically *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); and *Missouri v. Frye*, 132 S. Ct. 1399 (2012)—but all are inapposite. Franco-Pou is correct that both *Lafler v. Cooper* and *Missouri v. Frye* pertain to the effectiveness of counsel in plea negotiations, but even if they spoke to the issue of tolling (they do not) or should be applied retroactively, neither applies to the facts of the present case. The Supreme Court held in *Lafler v. Cooper* that the defendant had been prejudiced by counsel's deficient performance in advising him to reject a plea deal and proceed to trial. It held in *Missouri v. Frye* that counsel was ineffective for failing to communicate to the defendant the government's plea offer before it expired. Neither circumstance is present in this case, and Franco-Pou makes no allegation to the

---

[2] The three petitioners in that case missed their habeas filing deadlines by "more than four months," "nearly eleven months," and "about three and a half months," respectively. 515 F.3d at 152.

contrary. In *McQuiggin v. Perkins*, the Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass" the impediment of an expired statute of limitations, but it "caution[ed] … that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" 133 S. Ct. 1924, 1928 (2013) (*quoting Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Franco-Pou points to no new evidence, and he does not approach the very high bar for showing actual innocence. Lastly, the Supreme Court in *Alleyne* held that any fact that increases the mandatory minimum sentence is an "element" of the crime that must be submitted to the jury, and not a mere "sentencing factor" that can be applied by the judge at sentencing. That was an extension of the logic of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Court held that any fact (other than the fact of a prior conviction) that increases the penalty beyond the statutory maximum must be submitted to the jury. In Franco-Pou's case, however, the court found no fact that increased the penalty beyond the statutory maximum, and the mandatory minimum was triggered not by a finding of the court at sentencing but by the conduct and drug quantity to which Franco-Pou pleaded guilty. *Alleyne* and *Apprendi* therefore offer him no relief.

      Franco-Pou argues that the statute of limitations should be equitably tolled because of newly discovered evidence, but he does not point to any such evidence, alleging only that what he claims is an unjustified disparity between his sentence and that of his codefendants is new to him, because he did not know about it earlier. He does not in fact establish unjustified disparity, or why it should have taken him so many years to discover it. I cannot find, as Franco-Pou argues, that tolling the statute of limitations is necessary to avoid a manifest injustice.

For all of those reasons, I conclude that Franco-Pou has not met his burden to show the propriety of tolling AEDPA's one-year statute of limitations or to allow his petition to proceed notwithstanding its untimeliness. Moreover, even if tolling were appropriate, the arguments Franco-Pou makes in his section 2255 petition are not persuasive. He argues that his attorney gave him unconstitutionally ineffective assistance during plea negotiations and that he would not have accepted his plea agreement if he had understood that he was waiving appellate rights, but in fact his plea agreement contains no such waiver; on the contrary, it indicates that "[t]he parties reserve their respective rights to appeal." Plea Agreement at 4, *United States v. Jose Antonio Franco*, 3:04-cr-40 (SRU) (D. Conn. Oct. 1, 2004) (doc. # 147). Even if he *had* waived his appellate rights, his argument would be undermined by the fact that he has not pursued those rights—he withdrew his appeal and then waited approximately six and a half years to make another filing—and neither does he suggest any particular basis for an appeal that he has not pursued. He disputes his Guidelines calculation by denying he had a manager role or the drug quantities used in the calculation, but those are bald denials. He argues that he is entitled to relief on the basis of several Supreme Court cases already discussed with respect to equitable tolling, but for the reasons already stated, those cases do not apply.

Because Franco-Pou's petition is time-barred, because he has not met his burden to show that equitable tolling should be applied, and moreover because, even if he were entitled to tolling, his arguments are not meritorious, his petition is denied. The clerk shall enter judgment and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of June 2015.

                                                    /s/ STEFAN R. UNDERHILL
                                                    Stefan R. Underhill
                                                    United States District Judge